**Re John G. SCOULER**

v.

**Robert CRAIG, et al.**

**Civ. A. No. 86–2902.**

United States District Court,
D. New Jersey.

June 4, 1987.

Igor Sturm, Haddonfield, N.J., for plaintiff.

Michael O. Kassak, Cherry Hill, N.J., for defendants.

FREDA L. WOLFSON, United States Magistrate.

Plaintiff, John G. Scouler's, complaint against defendant police officer, Robert Craig, includes state law claims of assault and battery, as well as civil rights claims under 42 U.S.C. § 1983. Furthermore, plaintiff alleges violations under 42 U.S.C. § 1983 by the defendant, Township of Moorestown; plaintiff claims that the Township was careless in its hiring, background investigation, training and supervision of the defendant Craig. In that regard, plaintiff alleges that the Township was aware of the violent tendencies of Officer Craig and failed to take necessary corrective and/or remedial action.

In this motion to compel, plaintiff seeks answers to interrogatory numbers 3, 4 and 11 as well as responses to document production requests 1, 4 and 6. Essentially, the interrogatories and document requests center on requests for information regarding complaints received by the Township regarding Officer Craig, any disciplinary actions against the officer and the contents of his personnel file, generally. Defendant has resisted these requests, objecting on the basis of overbreadth, irrelevance and privilege. The parties agreed to have the disputed material examined by me *in camera* and defendant supplied the documents to me.

Finally, plaintiff requests that he be given additional time to serve an expert report so that his expert can have the opportunity to review any discovery which may be ordered by me on this application.

First, I will deal with interrogatory 11. This question has been answered by defendant, although some confusion may have been engendered by the response. Interrogatory 11 asks whether defendant Robert Craig has ever been arrested and to provide information regarding such arrest(s). The answer given was "N/A". In reviewing Mr. Craig's personnel file, it is apparent that there is no record of arrest and that the answer by the defendant was intended to represent that the question is not applicable since there are no such arrests. With such clarification, it is not required that interrogatory 11 be answered any further.

With regard to the remaining interrogatories and document requests for which plaintiff is seeking an order, discussion will be the same for both the document requests and the interrogatories because the information requested is the same in each of the disputed requests. Except as narrowed by me in this opinion, the disputed material shall be supplied to the plaintiff in accordance with the discussion which follows.

Whether the documents requested, the personnel file of Officer Craig, complaints, and disciplinary action against this officer, are relevant must be viewed in light of the allegations of the complaint, not as to evidentiary admissibility, but the broader standard of whether such material may lead to the discovery of admissible evidence. *Fed.R.Civ.P.* 26(b). Although defendant opposes the discovery demands on the ground of relevance, *inter alia,* there can be no question of the relevancy of these materials to the allegations of the complaint, particularly where Count II specifically alleges the inadequacy of the Township's supervising and training of Officer Craig. Under § 1983, the extent of supervisors' knowledge of and participation in the acts of their subordinates determines the scope of their liability and the municipality's liability. *Spell v. McDaniel,* 591 F.Supp. 1090, 1118 (E.D.N.C.1984); *Crawford v. Dominic,* 469 F.Supp. 260, 263 (E.D.Pa.1979).

Further, supervisory evaluations should not be shielded unless, as to each assertedly privileged evaluation, defendants are able to make a strong showing that confidentiality is vital to the decision-making process of the municipality or would otherwise substantially harm the public interest. *Spell v. McDaniel,* 591 F.Supp. at 1118; *Urseth v. City of Dayton,* 110 F.R.D. 245, 256 (S.D.Ohio 1986).

A claim of governmental privilege in a § 1983 case "[m]ust be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Wood v. Breier,* 54 F.R.D. 7, 13 (E.D.Wis.1972); *Crawford v. Dominic,* 469 F.Supp. at 262. Several factors have been considered in balancing the protection of police files against the rights of a civil rights claimant. Judge Becker in *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D.Pa.1973), listed ten factors to weigh in the balance of interests and these factors have been cited in several subsequent opinions: 1) the extent to which disclosure will discourage citizens from giving the government information; 2) the impact upon such persons of having their identities disclosed; 3) the degree to which governmental-self evaluation and program improvement will be chilled by disclosure; 4) whether the information sought is factual or evaluative; 5) whether the party seeking discovery is or may become a defendant in a criminal proceeding stemming from the incident in question; 6) whether the police investigation has been completed; 7) whether departmental disciplinary proceedings have arisen or may arise from the investigation; 8) whether the plaintiff's suit is brought in good faith; 9) whether the information sought is available through other sources; 10) the importance of the information sought to the plaintiff's case. And, in the balance, the weightiest factor is the importance of the information to the plaintiff's case. *Crawford v. Dominic,* 469 F.Supp. at 263.

Utilizing these factors, after conducting my *in camera* review, I make the following findings.

■ Within the documents provided to me, there were included from Officer Craig's personnel file memoranda and reports regarding Officer Craig's taking of sick leave and personal injury accidents to this officer on the job. In addition, there is included an insurance form regarding one of the injuries. There are ten pages of such documents. I find that these pages are not relevant to the plaintiff's case and not reasonably calculated to lead to relevant evidence, whereas the privacy interests of Officer Craig are implicated by disclosure. These ten pages need not be produced to the plaintiff.

■ The remaining documents in Officer Craig's personnel file relate exclusively to complaints filed by citizens against Officer Craig and internal memoranda and investigations regarding these incidents as well as formal municipal court complaints which may have evolved in these cases. Defendants have previously supplied to the plaintiff copies of Officer Craig's training/education and letters of commendation and recommendation. The documents being withheld, which center on incidents or com-

plaints against Officer Craig, are no more burdensome to produce and certainly, to the extent that the Township intends to introduce evidence of Officer Craig's stature in the community, in the form of letters of recommendation, the incidents and complaints should similarly be produced for crossexamination purposes. More importantly, these documents are highly relevant to this case.

As stated previously, when a § 1983 civil rights claim is made, the extent of the supervisors' knowledge of and participation in the acts of their subordinates determines the scope of the municipality's liability, *Spell v. McDaniel,* 591 F.Supp. at 1118; *Crawford v. Dominic,* 469 F.Supp. 260, 263 (E.D.Pa.1979). Although defendant resists production of this information on the basis that some of the documents are evaluative and should not be produced, that argument is not sustainable under the case law. Supervisory evaluations are not shielded from disclosure unless there is a strong showing that confidentiality is vital to the decision-making process of the municipality or would otherwise substantially harm the public interest. *Urseth v. City of Dayton,* 110 F.R.D. 245, 256 (S.D. Ohio 1986); *Skibo v. City of New York,* 109 F.R.D. 58 (E.D.N.Y.1985); *Dos Santos v. O'Neal,* 62 F.R.D. 448, 451 (E.D.Pa.1974). Such a showing has not been made here.

Furthermore, reviewing the *Frankenhauser* factors and the balance to be struck, the balance must be weighed in favor of disclosure to the plaintiff. One factor, the impact upon persons in having their identities disclosed in connection with their having made a complaint against an officer, will be minimal here since some of the incidents resulted in the filing of a municipal complaint against Officer Craig which made the incident itself public. Indeed, in one of the situations, a newspaper article appeared regarding the incident. Another factor, whether the party seeking discovery is or may become a defendant in a criminal proceeding stemming from the incident in question is a moot point because the criminal proceeding against this plaintiff has been concluded. The factor of whether any police investigation has been completed has also become a non-factor since the incident involving the plaintiff has apparently been concluded and any of the incidents encompassed by the documents for which production is sought have also been resolved and completed. In this connection, the factor of whether disciplinary proceedings have arisen or may arise from any of these investigations is also a moot issue since the matters have been concluded. On the other hand, most of the information sought, other than perhaps copies of the municipal court complaints, is not available through other sources. Finally, the most important factor, the importance of the information to the plaintiff's case, *see Crawford v. Dominic,* 469 F.Supp. at 263, is no doubt served by production of these documents.[1]

Thus, I will order production of all documents provided to me for *in camera* review from the personnel file of Officer Craig, except for the ten documents identified in the early part of this opinion, dealing with sick leave and Officer Craig's accidents on the job. Such documents shall be supplied to plaintiff within 5 days of defendant receiving a copy of this letter opinion and order.

In light of my ruling, I will also grant plaintiff's request for an extension of time within which to serve his expert report. Plaintiff's expert report shall be due 30 days from his receipt of the discovery material requested herein. Defendant's expert report will be due 30 days thereafter.

The parties shall appear for a status/settlement conference before the undersigned on July 17, 1987 at 10:00 a.m., at which time the remaining dates, including the scheduling of final pretrial, will be made. An order will be entered in accordance with this letter opinion.

---

**1.** In making this ruling I am in no way commenting upon whether the information contained in the evaluations will in fact prove the plaintiff's case.

**498**

## ORDER

This matter having been opened to the Court by Igor Sturm, Esq., attorney for plaintiff, in application for an order compelling answers to interrogatories and production of documents as well as extending time for production of plaintiff's experts' reports, and the Court having considered the moving and opposing papers, as well as having conducted an *in camera* review of documents submitted by defendant, this matter being considered under *Fed.R. Civ.P.* 78, and for the reasons stated in my Letter Opinion of this date, and for good cause shown,

IT IS on this 3rd day of June, 1987,

ORDERED that the within motion be and the same is hereby granted in part and denied in part as follows: plaintiff's motion to compel an answer to interrogatory number 11 is denied insofar as defendant has responded to that interrogatory; plaintiff's motion to compel answers to interrogatories 3 and 4 as well as document requests 1, 4 and 6 is granted, with the exclusion of ten pages, which deal with sick leave and accidents on the job; the documents shall be served upon plaintiff within 5 days of defendant's receipt of this memorandum and order; and it is further

ORDERED that plaintiff's request for an extension of time within which to provide expert reports be and the same is hereby granted; plaintiff's expert report shall be served upon defendants within 30 days after receipt of the documents referred to in this order; defendant's expert report shall be due 30 days after receipt of plaintiff's expert report; and it is further

ORDERED that a status/settlement conference be held before the undersigned on July 17, 1987 at 11:00 A.M.